**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY; FEDERAL NATIONAL MORTGAGE ASSOCIATION; FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>SATICOY BAY, LLC,<br>*Defendant-Appellant*. | No. 20-17447<br><br>D.C. No.<br>2:16-cv-02242-JAD-BNW<br><br>ORDER CERTIFYING A QUESTION TO THE SUPREME COURT OF NEVADA |

Filed March 14, 2022

Before: M. Margaret McKeown and William A. Fletcher, Circuit Judges, and Richard D. Bennett,* District Judge.

Order

---

*The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

## SUMMARY[**]

### Nevada Law

The panel certified to the Supreme Court of Nevada the following question:

> Under Nevada law, must a series LLC created pursuant to Nev. Rev. Stat. § 86.296 be sued in its own name for a court to obtain jurisdiction over it, or may the master LLC under which the series is created be sued instead?

### ORDER

We respectfully certify to the Nevada Supreme Court the question of law set forth below, pursuant to Nevada Rule of Appellate Procedure 5. The question of law will be determinative of the matter pending before this court, and there is no clearly controlling precedent in the decisions of the Nevada Supreme Court.

### I. Factual Background

Plaintiffs-appellees are the Federal Housing Finance Agency ("FHFA"), Federal National Mortgage Association ("Fannie Mae"), and Federal Home Loan Mortgage Corporation ("Freddie Mac"). During the subprime mortgage

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

crisis, Congress enacted the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654. HERA created the FHFA, an independent agency that serves as the conservator of Fannie Mae and Freddie Mac (both congressionally chartered entities that own mortgage loans throughout the country). 12 U.S.C. § 4511. HERA prohibits the foreclosure of FHFA property without FHFA's consent. The provision, known as the Federal Foreclosure Bar, provides, "No property of the [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of the [FHFA]." 12 U.S.C. § 4617(j)(3).

Defendant-appellant, Saticoy Bay LLC, is a Nevada limited liability company ("LLC") that purchases, leases, and manages residential properties. Nevada law allows the creation of individual series LLCs, which are LLCs organized under an umbrella master LLC, without the necessity of filing articles of incorporation for each series member. Nev. Rev. Stat. § 86.296(2). This structure insulates the debts of an individual series LLC from the assets of the other series LLCs and the master LLC, as long as certain corporate formalities are properly maintained. *Id.* § 86.296(3). Nevada law also provides that a series LLC "may . . . [s]ue and be sued, complain and defend, in its own name." *Id.* § 86.296(2). Additionally, the registered agent for service of process to the master LLC is deemed to be the registered agent of each series LLC. *Id.* § 86.236. Saticoy Bay LLC, the named defendant, is a master LLC. Numerous series LLCs operate under the master Saticoy Bay LLC and are, in general, named Saticoy Bay LLC Series <street address> (for example, Saticoy Bay LLC Series 5783 Bear Springs St).

The master Saticoy Bay LLC and some of its series LLCs each own the residential real estate properties in dispute in the case before us.  The acquisition of these properties followed a similar fact pattern.  First, a borrower procured a mortgage loan secured by a residential property, and recorded a deed of trust listing the borrow, lender, and beneficiary.  The original lender then sold the mortgage loan to Fannie Mae or Freddie Mac, which owned the deed of trust and a property interest in the collateral real estate.  A homeowners' association ("HOA") then foreclosed on a superpriority lien on the property when the original mortgagors or their successors failed to pay past-due HOA assessments.  Under Nevada law, a homeowners' association has "a superpriority lien that, when properly foreclosed upon, extinguishes a first deed of trust."  *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 348 (Nev. 2020) (en banc) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 409 (Nev. 2014) (en banc)).  However, as noted above, under the Federal Foreclosure Bar, no FHFA property is subject to foreclosure without the agency's consent.  12 U.S.C. § 4617(j)(3).

At the time of the HOA foreclosure sales of the properties at issue, Fannie Mae or Freddie Mac owned mortgage loans to which the properties were subject.  The FHFA never consented to any HOA foreclosure sales.  Despite the lack of consent, the HOA foreclosures resulted in the sale of each property to either the master Saticoy Bay LLC or an individual series LLC under the master LLC.

Appellees FHFA, Fannie Mae, and Freddie Mac sued Saticoy Bay LLC in the United States District Court for the District of Nevada.  Appellees named only one defendant, the master Saticoy Bay LLC.  They did not name as defendants

any of the individual series LLCs that operate under the master LLC.

Appellees sought a declaratory judgment that the HOA foreclosure sales did not extinguish Fannie Mae's or Freddie Mac's deeds of trust on the foreclosed properties. Appellees' complaint included a quiet-title action, seeking a determination that the HOA foreclosure sales and subsequent transfers did not convey the properties free and clear to Saticoy Bay. Appellees served Saticoy Bay LLC with a summons and a copy of the complaint through its agent for service of process. Saticoy Bay LLC's answer asserted as an affirmative defense that appellees' claims against the series LLCs are barred as a result of appellees' failure to name them as indispensable parties and real parties in interest.

Appellees moved for summary judgment as to all the properties, contending that the foreclosure sales did not extinguish their deeds of trust because the FHFA never consented to the sales. Saticoy Bay LLC opposed summary judgment on the ground that the district court lacks jurisdiction over the properties owned by the individual series LLCs because appellees failed to name the individual series LLCs as defendants.

The district court held that appellees were not required to name the individual series LLCs as defendants, on the ground that Nev. Rev. Stat. § 86.296(2), by providing that series LLCs "may" be sued in their own name, uses permissive rather than mandatory language.

Saticoy Bay LLC timely appealed.

## II. Explanation of Certification

On appeal to us, Saticoy Bay argues that under Nevada law, series members operating under a master LLC are independent entities, and that because appellees failed to name the individual series LLCs as defendants, the district court lacks jurisdiction to grant relief with respect to the properties owned by the series LLCs. In response, appellees argue that series LLCs are not fully separate entities under Nevada law and need not be separately sued in a case where the legal issue is the same as to the master LLC and all series LLCs being sued.

The only question on appeal concerns Nevada law. This question will determine the outcome of the appeal, and there is no clearly controlling precedent in the decisions of the Nevada Supreme Court.

We note that the Nevada Supreme Court recently decided *A Cab, LLC v. Murray*, 501 P.3d 961 (2021). *A Cab, LLC* characterizes Nev. Rev. Stat. § 86.296(2) as "provid[ing] a list of optional, but not mandatory, attributes for a Series LLC." *Id.* at 977. Although this statement suggests that series LLCs need not be sued in their own names, it does not directly answer the question before us.

## III. Certified Question

We respectfully certify the following question to the Nevada Supreme Court:

> Under Nevada law, must a series LLC created pursuant to Nev. Rev. Stat. § 86.296 be sued in its own name for a court to obtain

jurisdiction over it, or may the master LLC under which the series is created be sued instead?

## IV. Counsel Information

The names and addresses of counsel and of parties, as required by Rule 5 of the Nevada Rules of Appellate Procedure, are as follows:

Roger P. Croteau, Esq., and Timothy E. Rhoda, Esq., Roger P. Croteau & Associates, Ltd, 2810 West Charleston Boulevard, #75, Las Vegas, Nevada 89102, for Defendant-Appellant Saticoy Bay, LLC.

Asim Varma, Howard N. Cayne, Michael A.F. Johnson, and Dirk C. Phillips, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Ave., NW Washington, DC 20001, for Plaintiff-Appellee Federal Housing Finance Agency.

Leslie Bryan Hart and John D. Tennert, III, Fennemore Craig, P.C., 7800 Rancharrah Parkway, Reno, Nevada 89511, for Plaintiffs-Appellees Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation.

Kelly H. Dove, Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway Suite 1100, Las Vegas, NV 89169, for Plaintiff-Appellee Federal National Mortgage Association.

If the Supreme Court of Nevada accepts this request, Saticoy Bay, LLC should be deemed the Petitioner.

Conclusion

Saticoy Bay LLC's appeal presents an issue of Nevada state law that will be determinative of the parties' dispute. There is no clearly controlling precedent from the Nevada Supreme Court. For this reason, we request that the Nevada Supreme Court accept and decide the question herein certified. We agree to abide by the Nevada Supreme Court's decision as specified by Rule 5 of the Nevada Rules of Appellate Procedure.

The clerk of this court is hereby directed to file in the Nevada Supreme Court, under the official seal of the United States Court of Appeals for the Ninth Circuit, this certification order and any portion of the record requested by the Nevada Supreme Court, pursuant to Rule 5 of the Nevada Rules of Appellate Procedure.

All further proceedings in this case are stayed pending receipt of the answer to the certified question. This appeal is withdrawn from submission and will be submitted after receipt of the Nevada Supreme Court's opinion on the question certified. The Clerk is directed to administratively close this docket pending further order. This panel retains jurisdiction over further proceedings in this court. The parties are directed to notify the Clerk of this court within one week after the Nevada Supreme Court accepts or rejects the

certification and again, if that court accepts the certification, within one week after it renders its opinion.

**QUESTION CERTIFIED; PROCEEDINGS STAYED.**

/s/ William A. Fletcher
The Honorable William A. Fletcher
Senior United States Circuit Judge